**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|                        |   |                                    |
|------------------------|---|------------------------------------|
| LANCE WARE             | ) |                                    |
|                        | ) |                                    |
| Plaintiff,             | ) | Case No. 15 cv 9379                |
|                        | ) |                                    |
| v.                     | ) | Judge Joan B. Gottschall           |
|                        | ) | Magistrate Judge  Sidney Schenkier |
|                        | ) |                                    |
| LAKE COUNTY SHERIFF,   | ) |                                    |
|                        | ) |                                    |
| Defendant.             | ) | **JURY TRIAL DEMANDED**            |
|                        | ) |                                    |

**PLAINTIFF'S COMBINED RESPONSE TO DEFENDANT'S MOTION
TO DISMISS AND MOTION FOR LEAVE TO AMEND THE COMPLAINT**

NOW COMES Plaintiff, LANCE WARE ("Plaintiff" or "Ware"), by and through his

attorneys, Offices of Catherine Simmons-Gill, LLC, and submits his combined: (1) Response to

Defendant LAKE COUNTY SHERIFF'S OFFICE's ("LCSO" or "Defendant") Motion to

Dismiss; and (2) Motion for Leave to Amend the Complaint filed herein. Specifically, Plaintiff

opposes the motion as to his claims for Title VII discrimination and retaliation (Counts III and

IV), and seeks leave to replead his 42 U.S.C. § 1981 claim for discrimination (Count I) under 42

U.S.C. § 1983. In his Proposed Amended Complaint, attached hereto as **Exhibit A**, Plaintiff

drops his 42 U.S.C. § 1981 claim for retaliation (Count II), and includes several additional

allegations relevant to all counts pled.

In support of his combined Response and Motion, Plaintiff states the following:

**INTRODUCTION**

Defendant's motion as to Plaintiff's Title VII claims should be denied. Although styled as

a Rule 12(b)(6) motion, Defendant does not attack the sufficiency of the pleading. Instead, it

argues the merits of Plaintiff's well-pled allegations, opining that Plaintiff will not prevail on his claims. But such a heightened pleading standard is not required by Rule 12(b)(6). Indeed, the motion ignores that the essential function of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits. Evidently, Defendant thinks that the onus is on Plaintiff to establish a prima facie case of discrimination at the pleadings stage, but, as discussed below, that is inaccurate.

This case concerns the demotion of long-time African-American LCSO Corrections Sergeant Ware for his alleged "involvement" in the 2011 incarceration of Lake County jail inmate, Eugene Gruber ("Gruber"). Gruber was in LCSO custody for approximately 24 hours, and later died as the result of injuries sustained during that time. In his original Complaint, Ware alleged, among many other details, that he is African-American (Pl. Compl., ¶ 8), that he suffered an adverse employment action when Defendant demoted him in 2014, that Defendant issued the one and only negative performance review of Plaintiff's career in August 2014 in retaliation for filing an EEOC charge (Pl. Compl., ¶¶ 34, 37, 39, 55), and that, in doing so, Defendant discriminated and retaliated against him (Pl. Compl., ¶¶ 55, 56, 57[1]).

In so pleading, Plaintiff complied with federal pleading standards. But rather than challenge the pleading itself, Defendant's motion does no more than argue substantive facts underlying the instant Title VII claims, asserting that Plaintiff's claims will fail under a *McDonnell-Douglas* analysis. However, all that is required at this stage of Plaintiff's Title VII discrimination claim is to aver that Defendant took an adverse action against him because of a protected characteristic. Similarly, Plaintiff's Title VII retaliation claim requires only that he allege that Defendant materially retaliated against him for a statutorily protected activity, i.e.

---

[1] Plaintiff notes that several paragraphs under Count IV are misnumbered. He has corrected these errors in his Proposed Amended Complaint.

filing a charge of discrimination with the EEOC. Section 1983 requires an additional averment that the discrimination complained of resulted from a government policy or custom, which Plaintiff asserts that he sufficiently alleged in his original Complaint and which he expressly re-alleges in his Proposed Amended Complaint. Indeed, both the original Complaint and the Proposed Amended Complaint meet, and exceed, federal notice-pleading standards.

With regard to his section 1981 claims, Plaintiff seeks leave to amend the Complaint to bring his discrimination claim under section 1983 and to add additional allegations relevant to all counts. Plaintiff is willing to drop any claim of retaliation under either § 1981 or § 1983.

As such, this Court should deny Defendant's motion as to Counts III and IV, and permit Plaintiff to replead his Complaint.

## LEGAL STANDARD

Federal notice pleading standards require only "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2); *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all well-plead factual allegations, drawing all inferences in the plaintiff's favor. *Midwest Grinding Co. v. Spitz,* 976 F.2d 1016, 1019 (7th Cir. 1992). Importantly, a 12(b)(6) motion tests the sufficiency of the complaint, not the merits of plaintiff's suit. *Shaffer v. Respect, Inc.*, 1999 WL 281345, *3 (N.D. Ill. 1999); *see also United States v. Brickman,* 906 F.Supp. 1164, 1167 (N.D. Ill. 1995). To survive a motion to dismiss, a complaint must simply provide the defendant with fair notice of a claim's basis, and also establish that the requested relief is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *see also Bell Atl. v. Twombly,* 550 U.S. 544, 555. Indeed, "[a] complaint should only be dismissed if there is no set of facts, even hypothesized, that could entitle a plaintiff to relief." *Massey v. Merrill Lynch & Co.*, 464

3

F.3d 642, 645 (7th Cir. 2006).

## ARGUMENT

First, this Court should deny Defendant's motion with regard to Plaintiff's Title VII discrimination claim (Count III) because Plaintiff need not prove his case at the pleadings stage. Defendant attacks only the merits of the claim, not the sufficiency of the pleadings. Second, Defendant's motion is inadequate as to Plaintiff's Title VII retaliation claim (Count IV) since—in addition to the reasons discussed in the context of Count III—negative performance reviews with consequential financial injury can qualify as materially adverse retaliatory actions. Finally, Plaintiff respectfully moves for leave to restyle his § 1981 discrimination claim as a § 1983 claim.

**I.** *This Court Should Deny Defendant's Motion As To Plaintiff's Title VII Discrimination Claim Because Plaintiff Need Not Prove a Prima Facie Case of Discrimination To Defeat a Motion to Dismiss.*

The crux of Defendant's motion with regard to Plaintiff's Title VII discrimination claim (Count III) is that the facts pled in the Complaint fall short of a prima facie case under the *McDonnell-Douglas* indirect method of proof. But this argument is not properly asserted in a 12(b)(6) motion, and as discussed below, Plaintiff need not plead evidence in his Complaint.

Indeed, "[t]he purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Under Federal Rule of Civil Procedure 8(a)(2), a discrimination complaint need only offer "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2); *Swierkiewicz*, 534 U.S. at 513 (holding specifically that employment discrimination cases "must satisfy only the simple requirements of Rule 8(a)"). Moreover, although "threadbare recitals of the elements of a cause of action" are not sufficient, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009),

4

"a complaint is not required to allege all, *or any*, of the facts logically entitled by the claim." *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (emphasis in original) (citing *American Nurses' Association v. Illinois*, 783 F.2d 716, 727 (7th Cir. 1986)). Crucially, "a [race discrimination] plaintiff does not have to plead evidence." *Id.* ("'I was turned down for a job because of my race' is all a complaint has to say").

Far from any requirement of extensive fact pleading, an employment discrimination complaint only has to satisfy "two easy-to-clear hurdles" to comply with the federal rules:

> First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests. Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level . . . .'

*Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (citing *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). In fact, an employment discrimination plaintiff "may allege [his or her] claims quite generally." *Id.* In "reaffirm[ing]" this "minimal pleading standard for simple claims of race or sex discrimination," the *Tamayo* court also noted that "in order to prevent dismissal under Rule 12(b)(6), a complaint alleging [employment] discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of" a protected characteristic. *Id.* The court noted that "[l]itigants are entitled to discovery before being put to their proof, and treating the allegations of the complaint as a statement of the party's *proof* leads to windy complaints and defeats the function of" Rule 8(a). *Id.* at 1081 (emphasis in original); *see also Bennett*, 153 F.3d at 518 ("[i]nstead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving").

Another way of putting it—and a point that Defendant seems to misconstrue—is that "an

employment discrimination plaintiff need not plead a prima facie case of discrimination . . . ." *Swierkiewicz*, 534 U.S. at 515. As the Supreme Court highlighted in *Swierkiewicz*, "under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case because the *McDonnell Douglas* framework does not apply in every employment discrimination case." *Id.* at 511. The Court highlighted that:

> [b]efore discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case in a particular case. Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases.

*Id.* at 512. It further observed that if a plaintiff uncovers "direct evidence of discrimination, he may prevail without proving all the elements of a prima facie case," and that, accordingly, it "seems incongruous to require a plaintiff, to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered." *Id.* at 511.

Moreover, likelihood of success is not part of the Rule 12(b)(6) calculus. *See Swierkiewicz*, 534 U.S. at 515 ("Rule 8(a) establishes a pleading standard without regard to whether a claim will succeed on the merits"). Indeed, the federal rules do not impose a "probability requirement" at the pleading stage: as the Supreme Court noted in *Bell Atlantic Corporation v. Twombly*, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" 550 U.S. 544, 556 (2007) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 263 (1974)); *see also Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 833 (7th Cir. 2015) ("[p]lausibility does not mean probability: a court reviewing a 12(b)(6) motion must 'ask itself *could* these things have happened, not *did* they happen'") (citing *Iqbal*, 556 U.S. at 678)

6

Here, Defendant attacks the merits of Plaintiff's discrimination claim, rather than the pleading, but the instant Complaint both "describes the claim in sufficient detail," and "plausibly suggests that [Plaintiff] has a right to relief." *See Tamayo*, 526 F.3d at 1084. Indeed, the 58-paragraph Complaint alleges: (1) that Plaintiff suffered an adverse employment action (demotion); (2) that Plaintiff belongs to a protected category under Title VII (race, African-American); (3) that Defendant harbored discriminatory animus and that the adverse action was due to the protected characteristic; and (4) detailed factual circumstances and events that led to the adverse employment action (demotion in rank), including relevant dates and the roles of relevant individuals in the Gruber incarceration. *See Swierkiewicz*, 534 U.S. at 514 (holding that "petitioner's complaint easily satisfies the requirements of Rule 8(a)" under similar circumstances); *see also Tamayo*, 526 F.3d at 1085 ("[t]hese facts certainly provide the defendants with sufficient notice to begin to investigate and defend against [Plaintiff's] claim"). As in *Tamayo*, the instant Complaint provides ample notice to Defendant of the specifics of the claim, and the allegations, if proved, would entitle Plaintiff to relief. That is all that Rule 12(b)(6) demands.

Nonetheless, Defendant improperly petitions for dismissal based solely on its belief that Plaintiff will not be able to prove its claims. The section of Defendant's motion attacking Plaintiff's Title VII discrimination claim makes not even a single mention of any pleading deficiency, but rather engages in a lengthy analysis of the elements required to *prove* discrimination under the *McDonnell-Douglas* framework. *See* Def.'s Motion at 5-12. It first discusses the purported irrelevance of Plaintiff's long history of positive job performance and argues that he was not meeting legitimate employment expectations, then claims that Plaintiff will not be able to point to a comparable employee treated better than he was (which is

inaccurate), and finally moves to pretext, noting that "[e]ven if Plaintiff could establish a prima facie case of discrimination"—and thus tacitly acknowledging the *possibility*—Defendant "had a legitimate, nondiscriminatory reason for his demotion." *Id.* But, as discussed above, a likelihood of victory is not required to beat a motion to dismiss, and this substantive attack is beyond the scope of 12(b)(6). *See e.g. Twombly*, 550 U.S. at 556.

Indeed, Defendant's motion to dismiss Plaintiff's Title VII discrimination claim misconstrues the nature of Rule 12(b)(6) relief. This Court should deny it as to Count III.

**II.      *This Court Should Deny Defendant's Motion As To Plaintiff's Title VII Retaliation Claim Because Negative Performance Reviews Can Qualify As Materially Adverse Employment Actions, Particularly When Coupled With Financial Injury.***

Defendant's motion as to Plaintiff's Title VII retaliation claim (Count IV) should also be denied. As an initial matter, Plaintiff reasserts his argument, presented in Section I above, that he is not required to plead the essential elements of a cause of action at the pleadings stage. *See Swierkiewicz*, 534 U.S. at 515. In Count IV, Defendant's motion again picks on purported issues of proof. Defendant does not challenge the sufficiency of the pleading of the claim, and so its motion is not sufficient to prevail under Rule 12(b)(6).

Further, Defendant's assertion that a bad performance review cannot amount to a materially adverse employment action is incorrect. First, the case Defendant cites in support of this position, *Langenbach v. Wal-Mart Stores, Inc.*, 761 F.3d 792 (7th Cir. 2014), dealt with an employee's appeal of a district court's award of *summary judgment* in an FMLA retaliation case. The *Langenbach* court analyzed the case on the merits, as is appropriate at the summary judgment stage of the proceedings, and was, therefore, not merely attempting to discern whether a negative performance review *could* have amounted to an adverse action (the 12(b)(6) standard), but rather whether enough evidence existed to justify sending the issue to a jury. *See id.* at 799-

8

800. Also, the plaintiff-employee there had a history of poor performance (unlike Plaintiff here) and was ultimately terminated. *Id.* The case is readily distinguishable, and not dispositive authority in the instant case.

Moreover, whether a negative performance review amounts to a materially adverse action depends on the context of a particular case. *See Silverman v. Bd. of Educ. of City of Chicago*, 637 F.3d 729, 740 (7th Cir. 2011). "In a retaliation case, an adverse action is 'one that a reasonable employee would find to be materially adverse such that the employee would be dissuaded from engaging in the protected activity.'" *Id.* Additionally, "context matters to the determination of what constitutes a materially adverse action." *Id.* at 741; *see also Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 69 (2006).

In *Silverman*, a special education teacher alleged, *inter alia*, that her employer retaliated against her for filing an EEOC charge by lodging a negative performance evaluation. 637 F.3d at 741. Although the *Silverman* court ultimately declined to find the causal connection necessary to sustain the claim, it observed that "[i]n this context, we agree with Silverman that a negative performance evaluation *could* constitute an adverse action within the meaning of the direct method of proving retaliation . . . ." *Id.* (emphasis added); *see also Benuzzi v. Bd. of Educ. of City of Chicago*, 647 F.3d 652, 664 (7th Cir. 2011) (noting that "context is a crucial consideration in Title VII retaliation actions," and that issuance of a notice of disciplinary action could be materially adverse). Further, in *White*, the Supreme Court held that a railway employee's reassignment of job duties—though not "automatically actionable"—was materially adverse in light of "all the circumstances." *Id.* at 70; *see also Washington v. Illinois Dep't of Revenue*, 420 F.3d 658, 662 (7th Cir. 2005) (holding that change to employee's hours was materially adverse

9

where it exploited a "known vulnerability," namely the employee's ability to care for her son's medical condition).

In the instant case, Defendant gave Plaintiff an (unwarranted) bad performance review shortly after Plaintiff filed a charge of discrimination with the EEOC. (Pl. Compl. ¶¶ 38-39). The review did not stand alone, but it affected Plaintiff's promotability and resulted in impaired earning capacity. *See Brown v. Illinois Dep't of Nat. Res.*, 519 F. App'x 930, 933 (7th Cir. 2013) (emphasizing importance of effect on compensation in materially adverse analysis). As such, it could plausibly qualify as a materially adverse employment action. Moreover, the "context" surrounding the negative performance review, or other retaliatory activities, will not be fully fleshed out until discovery. Additionally, despite Defendant's assertion to the contrary, no per se rule is on the books in the Seventh Circuit categorically excluding bad performance reviews from the list of things that can amount to a materially adverse action. *See Silverman*, 637 F.3d at 741.

Ultimately, Plaintiff's well-pled Complaint contains allegations of retaliation sufficient to proceed to discovery. As noted above, Plaintiff is not required to prove its retaliation claim at the pleadings stage. *See Benuzzi*, 647 F. 3d at 664 ("plaintiffs in federal court are not required to plead with precision legal theories or detailed facts"). As such, Defendant's motion as to Count IV should be denied.

**III.** ***Plaintiff Respectfully Moves For Leave To Replead***

Plaintiff hereby requests leave to amend his claims for discrimination under § 1981 to bring that claim under § 1983 instead. *See* Exhibit A attached hereto. He also requests leave to drop his § 1981 retaliation claim, and to add additional allegations that apply to all counts.

Although no motion to dismiss this re-pled § 1983 claim is pending, Plaintiff notes that the same Rule 8(a)(2) pleading standards discussed above apply to § 1983 actions. *Swierkiewicz,*

534 U.S. at 513; *Leatherman v. Tarrant County Narcotics Intelligence and Coord. Unit*, 507 U.S. 163, 168 (1993). So any attempt by Defendant to similarly attack the likelihood of success of Plaintiff's § 1983 claim in another 12(b)(6) motion would be ill-conceived. Further, as required under § 1983, the Proposed Amended Complaint expressly alleges the existence of a government custom or policy within the LCSO of discrimination against African-Americans. *See* (Pl. Compl. ¶¶ 38, 43, 53, 54). These allegations are sufficient to survive a 12(b)(6) motion to dismiss.

## CONCLUSION

WHEREFORE, Plaintiff LANCE WARE respectfully requests that this Court deny Defendant LAKE COUNTY SHERIFF'S OFFICE's Motion to Dismiss, grant Plaintiff leave to replead Count I under 42 U.S.C. § 1983, grant Plaintiff leave to drop Count II, grant Plaintiff leave to add additional allegations relevant to all counts contained in the Proposed Amended Complaint, and grant any such further relief that this Court deems proper.


Dated: February 5, 2016

Respectfully Submitted,

s/Catherine Simmons-Gill

Catherine Simmons-Gill, Esq.
Matthew C. Douglas, Esq.
Offices of Catherine Simmons-Gill, LLC
111 West Washington Street
Suite 1051
Chicago, IL 60602
Tel: 312 609 6611
simmonsgill@gmail.com
ARDC Number 2159058

11